

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 16, 1951.

Hon. H. A. Beckwith, Chairman
Board of Water Engineers
Austin, Texas

Opinion No. V-1345.

Re: Authority of the Board
of Water Engineers over
the appropriation to
the Interstate Compact
Commission in the gen-
eral appropriation bill
for the biennium ending
August 31, 1953.

Dear Sir:

You have requested an opinion of this of-
fice relating to the authority of the Board of Water
Engineers to supervise the expenditure of the appro-
priation made to the Interstate Compact Commission
in the general appropriation bill for the biennium
ending August 31, 1953.

Your problem has been raised by the refusal
of the Comptroller to issue a warrant against the In-
terstate Compact Commission funds on a voucher signed
by you as Chairman of the Board of Water Engineers.

The specific question asked is as follows:

"Your opinion is now respectfully
requested as to whether this Board has
succeeded to all of the power, duties
and properties of the Interstate Compact
Commission created under the 1949 Act,
or whether the Board of Water Engineers
is relieved of any future duties except
those advisory duties which now exist
under general law in respect thereto."

The appropriation in question is as follows:

"INTERSTATE COMPACT COMMISSION

Subject to the provisions appearing at the
end of this Article, there is hereby appro-
priated out of the General Revenue Fund to
the Interstate Compact Commission for each
of the fiscal years of the biennium ending
August 31, 1953, the sum of Ten Thousand
Dollars ($10,000) for the payment of sala-
ries and other necessary expenses for said
Commission. Said appropriation shall be ex-
pended under the direction and supervision
of the State Board of Water Engineers.
Properties and facilities owned by the In-
terstate Compact Commission shall be made
available to the State Board of Water Engi-
neers for the purposes of this Section."
H.B. 426, Acts 52nd Leg., R.S. 1951, ch.
499, p. 1228, at p. 1374.  (Emphasis added.)

The last two sentences of the above rider
indicate that the Board of Water Engineers has suc-
ceeded to most, if not all, of the duties of the In-
terstate Compact Commissioner.. However, the appro-
priation is made to the Interstate Compact Commission,
an independent commission created by general statute,
and if the provisions in the last two sentences of
the rider attempt to alter, amend, or repeal the gen-
eral statute, they are invalid. Att'y Gen. Op. V-
1254 (1951).

The general statute (H.B. 594, Acts 51st
Leg., R.S. 1949, ch. 330, p. 716, codified as Art.
7466g, V.C.S.) provides for certain duties to be per-
formed by the Commissioner or, with the Governor's ap-
proval, by assistants employed by him. Some of the
duties have been completed, and others have been re-
moved by subsequent legislation. Att'y Gen. Op. V-
1307 (1951). However, no general legislation has
transferred the remaining activities or the control
over them from the Interstate Compact Commissioner to
the Board of Water Engineers. Therefore, the attempt
to transfer the duties and control by a rider in the
general appropriation bill creates a conflict with the
general statute, and the attempt must fail. The last
two sentences of the rider are of no force or effect.
Att'y Gen. Op. V-1254 (1951).

Section 5 of the general statute creating the Interstate Compact Commission appropriated funds for the first two years' operation and expressly provided that the Interstate Compact Commissioner was to sign the vouchers for which warrants would be issued against the appropriation.  Section 5 has now expired and the appropriation for the present biennium does not have a comparable provision.  However, the present appropriation is made to the Interstate Compact Commission, and even without express authority, the head of the Commission is the proper one to sign the vouchers.

To answer your question specifically, the duties of the Board of Water Engineers in relation to the Interstate Compact Commission are those which are set out by Section 4 of Article 7466g:

> "The State Board of Water Engineers shall furnish the Interstate Compact Commissioner appointed hereunder such factual data and information as it may have available and shall cooperate with the Interstate Compact Commissioners in the performance of his duties."

## SUMMARY

That portion of the rider in the general appropriation bill (H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228, at p. 1374) which transfers to the Board of Water Engineers control over the appropriation made to the Interstate Compact Commission is an attempt to amend the general statute placing the control in the Interstate Compact Commissioner and is invalid. Att'y Gen. Op. V-1254 (1951).

The Interstate Compact Commissioner is the proper person to sign vouchers for which

Hon. H. A. Beckwith, page 4  (V-1345)


warrants will be issued against the appropriation to the Interstate Compact Commission.

APPROVED:

C. K. Richards
Trial & Appellate Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

EWT:wb

Very truly yours

PRICE DANIEL
Attorney General

By *E. Wayne Thode*
E. Wayne Thode
Assistant